UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**CHRISTIANE CABULE SIMS**
    An individual

                                      Case Number 2:21-CV-12996-MAG-EAS

                                      **HON. MARK A. GOLDSMITH**

                                      **HON. MAGISTRATE JUDGE
                                      ELIZABETH STAFFORD**

                      *Plaintiff,*

     VS.

**MUTUAL OF OMAHA INSURANCE COMPANY**
    A foreign corporation

                      *Defendant.*
_____

| | |
|---|---|
| Sohou Law | Clark Hill, PLC |
| Attorneys for Plaintiff | D. Peter Valiotis (P68499) |
| By: Guy Sohou        P-67842 | Attorneys for Defendant |
| 615 Griswold Street, Suite 400 | 500 Woodward Ave, Suite 3500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| Phone: (313) 736-5400 | (313) 965-8328 ( Phone) |
| Fax: (313) 879-5300 | (313) 309-6928 (fax) |
| E-mail: gsohou@sohoulaw.com | pvaliotis@clarkhill.com |

_____

## PLAINTIFF'S AMENDED COMPLAINT

There are no other civil actions between these
parties or other parties arising out of the transactions or
occurrences alleged in this Complaint.
_____/

**NOW COMES** Plaintiff **CHRISTIANE CABULE SIMS (hereinafter "Sims" or   Plaintiff")**,

by and through her attorneys Sohou Law, and for her amended complaint against Defendant

**MUTUAL OF OMAHA INSURANCE COMPANY (hereinafter "Mutual of Omaha" or**

**"Defendant"** respectfully represents unto this Honorable Court as follows:

1

## NATURE OF ACTION AND JURISDICTION

1. This is a civil complaint (amended complaint pursuant to stipulation and order) brought under the Employee Retirement Income Security Act of 1974 (ERISA) §502, 29 USC 1132 et Seq., and federal common law, regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendant Mutual of Omaha Insurance to pay accidental death insurance benefits in the amounts set forth in the policy and for costs, and attorney fees incurred as a consequence of Defendant's failure to pay a valid accidental death claim.

2. This Court has jurisdiction under ERISA §§502(e)(1), (f), 29 USC 1132(e)(1), (f), and 28 USC 2201 and pursuant to the allegations in defendant's notice of removal.

3. Venue properly lies in this District under ERISA §502(e)(2), 29 USC 1132(e)(2).

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff Sims is an individual who is a resident of the City of Detroit, County of Wayne, State of Michigan.

5. That Defendant MUTUAL OF OMAHA INSURANCE COMPANY is upon information and belief a foreign for-profit corporation that is and was at all material times doing business in this district.

6. Mutual of Omaha Insurance Company is a fiduciary and administrator, within the meaning of ERISA §§3(16), 402(a)(2), 29 USC 1002(16), 1102(a)(2), with respect to the Plan.

7. Defendant issued and continues to administer an accidental death and dismemberment plan governed by ERISA and insured by Defendant in accordance with Policy No. T66BA-P-50686 issued by Defendant to Compuware Corporation and covering eligible employees. See Attachment 1, Copy of Plan.

8. Decedent Robert Sims was a Compuware employee insured under the policy.

9. Plaintiff is the named beneficiary of the Policy of Robert Sims.

10. Pursuant to the terms of the policy, coverage was to be extended to the insured Robert Sims and payment to be promptly made upon his death to his beneficiary Christiane Cabule Sims who is his surviving spouse.

11. Defendant's Plan is a welfare benefit plan within the meaning of ERISA §3(1), 29 USC 1002(1) and the plan was issued by Defendant to Compuware Corporation.

12. Plaintiff Sims is a beneficiary, within the meaning of ERISA §3(8), 29 USC 1002(8), in this welfare benefit plan.

13. This action arises out of defendant's failure to honor its contractual and fiduciary obligations under the terms of the accidental death policy issued by Defendant to Compuware Insurance as a Group insurance policy number T 66BA-P50686 covering Compuware's employees. A true copy of the policy is attached as Exhibit 1. The face amount of the policy is $500,000.00

14. The policy was, by its terms, in effect and valid on September 08, 2018.

15. On September 08, 2018, the insured Robert Sims was killed when a careless driver hit him with his vehicle while decedent was walking on Jefferson across the street from his house located on Fiske Drive in Detroit. See attachment 2, copy of Traffic Incident Report.

16. Plaintiff timely notified Defendant on the death of Robert Sims and made a claim under the policy.

17. Plaintiff delivered to Defendant, pursuant to the terms of the policy, all the required documents within a month of the death of Robert Sims.

18. Defendant confirmed receipt of all the documents but failed to make a decision on the claim.

19. On or about September 3, 2021, Plaintiff inquired through her counsel about the status of her claim which has been pending for almost three years.

20. Defendant then sent a letter to Plaintiff's counsel claiming that the claim has been denied since 2019.

21. Plaintiff informed defendant that she did not get any notice of denial and also deemed the denial baseless.

22. Defendant claims to have sent a denial letter on February 06, 2019. See attachment 3, Denial Letter of September 2021.

23. Plaintiff never received any denial letter prior to September 2021.

24. Plaintiff corresponded with Defendant by Email during the claim process in 2018 and 2019 so it should be easy to provide proof that the denial letter was sent by Defendant and received in February 2019 by Plaintiff.

25. Defendant claims to have sent said denial letter by first class mail which claim is inconsistent with the parties' course of dealing during the claim process as Defendant's adjuster corresponded with Plaintiff by E-mail.

26. On September 14, 2021, Defendant refused to consider Plaintiff's timely appeal which was based on the date of actual notice of the denial of the claim.

27. Plaintiff promptly provided defendant with her position as to why the denial was not justified since a denial based on alleged intoxication was baseless for the following reasons:

   A. Upon information and belief, the blood sample was not taken until September 10th, 2018 and the handling of the body at room temperature from the time of death to the time of collection of the samples are clear indicator that the blood alcohol level was the result of fermentation, not actual alcohol in the body.

   B. The blood alcohol is more likely the result of putrefaction caused by unsuitable and improper preservation of the body after death on the street at the intersection of Jefferson and Fiske Street followed by unsuitability of the specimens as the sample was not collected until 2 days after the death. Based on these factors, it is clear that the alcohol level is the result of postmortem production of ethanol rather than ingested alcohol.

   C. Possible postmortem diffusion contamination that creates a serious problem as to the reliability of the specimen.

28. Plaintiff notified Defendant that she did not have notice of any denial prior to September 2021 and as such, a refusal to consider her appeal timely is in bad faith especially where Defendant's manner of sending the notice of denial is inconsistent with the course of dealing between the parties during the claim process.

29. Defendant has refused to allow Plaintiff to appeal it denial decision of September 2021 in an attempt to manufacture a defense of failure to exhaust appeal process.

30. Defendant refused to pay the claim and has failed to provide any response to Plaintiff's request for proof that she received any notice of the denial prior to September 2021.

## COUNT I:

### ACTION UNDER ERISA §502(A)(1)(B), 29 USC 1132(a)(1)(B), TO RECOVER FULL ACCIDENTAL DEATH BENEFITS

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this complaint as if fully set forth herein word for word.

32. The following actions of Defendant are in clear violation of the terms of the plan:

   a. Failure to notify Plaintiff of the denial decision until Plaintiff made an enquiry about the status of the claim in September 2021;

   b. Refusal to consider Plaintiff's timely appeal of the denial of the claim;

   c. Attempt to manufacture a defense in order to avoid discharge of its contractual and statutory obligation under the plan.

## COUNT II
### ACTION UNDER ERISA §502(a)(3), 29 USC 1132(a)(3), TO REMEDY BREACH OF FIDUCIARY DUTY

33.  Plaintiff incorporates by reference paragraphs 1 through 32 of this complaint as if fully set forth herein word for word.

34. Under ERISA §404(a), 29 USC 1104(a), as a fiduciary with respect to the Plan, Defendant has and had a duty to discharge its duties with respect to the Plan solely in the interest of the Plan participants and their beneficiaries as follows:

   a. for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of administering the Plan;

   b. with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; and

   c. in accordance with the Plan documents and instruments insofar as such documents and instruments are consistent with the provisions of Titles I and IV of ERISA.

35. The following actions of Defendant are in clear violation of its fiduciary duties as set forth above:

   d. Failure to notify Plaintiff of the denial decision until Plaintiff made an enquiry about the status of the claim in September 2021;

   e. Refusal to consider Plaintiff's timely appeal of the denial of the claim;

   f. Attempt to manufacture a defense in order to avoid a discharge of its contractual and statutory obligation under the plan.

36. Defendant, through its agents, representatives, employees, and investigators, failed to act fairly and reasonably in handling Plaintiff's claim, failed to act in good faith, and failed to timely pay Plaintiff's claim.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF RESPECFULLY REQUESTS that the Court grant her the following relief:

7

a. A declaratory judgment under ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), and 28 USC 2201, declaring that Plaintiff is entitled to full payment of the face value of the accidental death policy as set forth in the Plan in effect at the time of decedent's death and that Defendant has violated the Plan and its fiduciary duties by refusing to pay the claim and by manufacturing a claim of notice in an attempt to avoid liability under the plan.

b. An order compelling Defendant to pay Plaintiff forthwith the full amount of policy, including interest from the date of death to the present.

c. Reasonable attorney fees and costs, under ERISA §502(g)(1), 29 USC 1132(g)(1).

d. Such other relief as may be just and appropriate.

--------- ----- ------ ------ ------- -------- ----------- ------------- --------- ---------

I declare that the statements above are true to the best of my information, knowledge, and belief.

Dated: Thursday, March 31, 2022

/s/ CHRISTIANE CABULE SIMS
_____
**CHRISTIANE CABULE SIMS**
Plaintiff

Respectfully Submitted,
/s/ Guy Sohou

_____
Guy Sohou P-67842
Attorney for Plaintiff
615 Griswold Suite 400
Detroit, MI 48226      Thursday, March 31, 2022

8